UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Karen Ann Hostetter,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

Case No. 3:20-cv-2121

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Plaintiff Karen Hostetter has filed a motion for payment of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 21). The Commissioner opposed the motion, (Doc. No. 22), and Plaintiff filed a reply. (Doc. No. 23).

## II. ANALYSIS

Under 42 U.S.C. § 406(b), when a claimant seeking social security disability benefits prevails in court, the court may award the claimant's attorney a reasonable fee for the successful representation. 42 U.S.C. § 406(b)(1)(A). The fee may not exceed 25% of the past-due benefits awarded through the judgment and is taken "out of, and not in addition to, the amount of such past-due benefits." *Id.*

The Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). On August 5, 2020, Hostetter signed a contingency-fee agreement for representation in federal district court where she agreed to a fee of up to 25% of her past-due

benefits. (*See* Doc. No. 21-5 at 2-3). Still, § 406(b) requires "review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Accordingly, the presumption of reasonableness may be rebutted, and the attorney's requested fee reduced, "based on the character of the representation and the results the representation achieved." *Id.* at 808.

In this Circuit, "[d]eductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989); *see also Miller v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 1018, 1038 (E.D. Mich. 2018) (applying this standard). Here, the Commissioner does not argue Hostetter's counsel has acted improperly or ineffectively or has expended minimal effort on this case. Instead, he argues that "this Court should consider whether an award of $24,021.48 for 28.7 hours of work constitutes a windfall, given the implied hourly rate of $836.99 and relative simplicity of the litigation in federal court." (Doc. No. 22 at 7).

"[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). *Hayes* thus sets a *de facto* hourly rate "floor," and a reviewing court must approve a fee request at or below this hypothetical hourly rate absent deficient conduct by the plaintiff's attorney. *See id.*

The Sixth Circuit has not provided definitive guidance on how district courts should calculate the "standard rate." *Compare Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 823-24 (S.D. Ohio 2018) (using the EAJA rate as the primary benchmark in determining the standard rate) *with Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 925-26 (E.D. Mich. 2015) (using the rate charged by

2

the 95th percentile of public benefits attorneys in Michigan as the standard rate). But, "[w]here an attorney has a 'standard rate' for comparable noncontingent fee cases, it is appropriate for [a] Court to consider such evidence." *Ringel*, 295 F. Supp. 3d at 829 (citing *Gisbrecht*, 535 U.S. at 808).

I have previously noted that $350 per hour is "a typical rate for non-contingent social security work." *Buck v. Comm'r of Soc. Sec.*, 2022 WL 4104333 at *2 (N.D. Ohio Sept. 8, 2022). Further, a 2020 decision of the United States District Court for the Northern District of Ohio, which the Sixth Circuit affirmed in a published opinion, concluded that $336 per hour is the market rate for social security benefits attorneys in Ohio.[1] *Steigerwald v. Saul*, No. 1:17-cv-01516, 2020 WL 6485107 at *5 n.81 (N.D. Ohio, Nov. 4, 2020) (aff'd *Steigerwald v. Comm'r of Social Sec.*, 48 F.4th 632 (6th Cir. 2022)); *see also Hayes*, 923 F.2d at 422 (explaining that its "multiplier" rule emerged from a desire to ensure that social security benefits attorneys were adequately compensated when "averaged over many cases").

The parties disagree over the standard rate in this case. Hostetter's counsel argues I should acknowledge $450 as their standard hourly rate and double it to set a *Hayes* floor of $900 per hour.[2] (Doc. No. 21-2 at 4). To support this figure, they do not cite any documentary evidence.[3] Instead, they flatly assert that $450 is their standard rate and cite to a single 2008 case in the United States

---

[1] The district court in *Steigerwald* relied on a 2019 report published by the Ohio State Bar Association showing that the average hourly rate for social security benefits attorneys in Ohio is $336. *See* The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2019* at 45. This is the most recent edition of the report at the time of writing.

[2] Because Hostetter's counsel are the attorneys who would benefit from the award, they are "the real parties in interest" for purposes of this motion. *Gisbrecht*, 535 U.S. at 798 n.6. For clarity, I refer to Hostetter's counsel rather than Hostetter in describing the arguments and evidence they offered to support the fee award.

[3] In their reply brief, Hostetter's counsel asserts that "Ohio attorneys charge up to $571.00 an hour in the relevant geographic area." (Doc. No. 23 at 2) (citing https://www.clio.com/resources/legal-trends/compare-lawyer-rates/oh/). But this cited source provides no help. The figure "$571" appears nowhere on the cited website, the website does not specifically mention social security benefits cases, and the website only lists average, and not maximum, hourly rates.

3

District Court for the Eastern District of New York approving a fee award for their firm where the Commissioner did not object to the fee. (*See id.*) (citing *Heath v. Astrue*, No. cv-07-1238 (FB), 2008 WL 4449656 at *2 (E.D.N.Y. Oct. 1, 2008)).

This lone case does not persuade me for three reasons. First, *Heath* is not a § 406(b) case—it concerns fees awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b), (d), a different fees statute with different considerations. *See Heath*, 2008 WL 4449656 at *1. Second, as Hostetter's counsel acknowledges, the Commissioner did not challenge the fee award in that case, and *Heath* does not actually contain an express or implied finding that $450 is the standard rate for Hostetter's counsel. *See Heath*, 2008 WL 4449656 *2. Third, the two cases from this District cited by Hostetter's counsel both found $350 per hour to be an appropriate standard rate. *See Scappino v. Comm'r of Soc. Sec.*, No. 1:12-cv-2694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015); *Bullock v. Comm'r of Soc. Sec.*, No. 1:15-cv-2158, 2020 WL 264258 *3 (N.D. Ohio Jan. 17, 2020). I decline to use $450 per hour as the standard rate in this case because Hostetter's counsel has not persuaded me that this figure represents the standard rate for their work in the relevant market.

The Commissioner's suggested standard rate fares no better. He argues I should use "a standard rate between $175 and $200 per hour that is commonly allowed in this Court for Equal Access to Justice Act (EAJA) fees." (Doc. No. 22 at 3) (citing *Ringel*, 295 F. Supp. 3d at 829). But the EAJA does not set fees at the market rate. Instead, it *caps* fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Further, the EAJA fee regime applies to "any civil action brought by or against" an agency of the United States and it is not tailored to the social security benefits context or this legal market. *Id.* § 2412(b).

4

Rejecting the use of EAJA fees in this manner also comports with *Hayes* because, "averaged over many cases," the multiplier rule seeks to ensure social security benefits attorneys will "be compensated adequately." *Hayes*, 923 F.2d at 422. As I have previously noted, "[a] review of other cases from within this district reflects a typical rate for non-contingent social security work to be around $350/hour." *Buck*, 2022 WL 4104333 at *2 (N.D. Ohio Sept. 8, 2022) (collecting cases). Using a rate tied to the much lower EAJA fees would not serve the values of consistency and adequate compensation articulated in Sixth Circuit precedent.

Having rejected the standard rates offered by the parties, I still must select a standard rate so I can properly evaluate the fee request. As indicated above, courts in this district have recently selected a standard rate of $350 or $336 per hour. *Compare Buck*, 2022 WL 4104333 at *2 *with Steigerwald*, 2020 WL 6485107 at *5 n.81. In light of the more recent result in *Buck* surveying cases from within this District, I select $350 as the standard rate, yielding a *Hayes* floor of $700.

Hostetter's counsel requests a fee of $24,021.48, the full 25% of Hostetter's past-due benefits of $96,085.91. (Doc. No. 21-2 at 3; Doc. No. 21-5 at 7-8, 14-15). A letter signed by Karen Hostetter indicates she approves a fee of this magnitude. (Doc. No. 23-2). A review of the timesheet indicates three attorneys worked on this case for a total of 28.7 hours: Charles E. Binder (3.90 hours), Grant E. Felbaum (1.30 hours), and Daniel S. Jones (23.5 hours). (Doc. No. 21-5 at 5). This translates to a *de facto* hourly rate of $836.99, 19.57% above the *Hayes* floor.

A requested fee higher than the *Hayes* floor but consistent with the 25% cap still requires my attention to determine whether approving such a fee would be a windfall. *See Lasley*, 771 F.3d at 310. The factors relevant to this determination include: "the difficulty of the case, the character of the representation, [any] lack of delay on counsel's part, and the results that counsel achieved." *See Steigerwald*, 48 F.4th at 632.

5

Courts also consider whether Plaintiff's counsel has offered to reduce their fee and whether the Commissioner opposes the amount requested. *See Ringel*, 295 F. Supp. 3d at 841. Further, "given the general lack of correlation between the amount of a social security award and the attorney's performance, courts should remain hesitant toward 'routine approval' of the statutory maximum contingency fee." *Bailey v. Heckler*, 77 F.2d 1167, 1170 n.3 (6th Cir. 1985); *see also Berry v. Comm'r of Soc. Sec.*, No. 1:18-cv-207, 2020 WL 2487112 at *6 (S.D. Ohio May 14, 2020) (noting that "'courts should not routinely approve the statutory maximum'") (quoting *Boston v. Comm'r of Soc. Sec.*, No. C–1–10–408, 2014 WL 1814012, at *1 (S.D. Ohio May 7, 2014)).

Here, the Commissioner argues that the lack of difficulty and relative brevity of the representation in this case supports reducing the requested fee award. (*See* Doc. No. 22 at 5-6). As the Commissioner points out, this case required Hostetter to submit only one brief in federal court before securing a remand. (*See id.*). The brief itself, while detailed and well-reasoned, dealt with an administrative ruling that "suggest[ed] a fundamental misunderstanding of Plaintiff's condition" because it essentially ignored Hostetter's subjective statements and the evaluations of her treating physicians. (Doc. No. 15 at 19-20). The "'brevity' and 'relative simplicity' of the representation" in federal court can justify a reduced fee award. *Lasley*, 771 F.3d at 310.

Hostetter's counsel does not contest that this matter required only a short and simple stay in federal court. Instead, he emphasizes the total length of time his firm has represented Hostetter and the fifteen months it took the Commissioner to issue a decision on remand. (Doc. No. 23 at 3).[4] But in the social security fees context, "each tribunal may award fees only for the work done before

---

[4] Hostetter's counsel also notes *Fields v. Kijakazi*, a recent case in the Second Circuit, and argues I should apply Second Circuit case law in evaluating this fee motion. (Doc. No. 23 at 4-5) (citing 24 F.4th 845 (2d Cir. 2022)). I decline Hostetter's invitation to apply out-of-circuit cases to an area where longstanding Sixth Circuit precedent clearly applies. *See, e.g.*, *Wright v. Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019) ("Of course, what binds us here is not the precedent of other circuits but the precedent of this one").

it." *Horenstein v. Sec'y of Health and Hum. Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). Accordingly, I focus on the time Hostetter's counsel spent in federal court and the work they did here, totaling a four-page complaint, two motions for an extension of time, and a single merits brief. (*See* Doc. No. 1; Doc. No. 13; Doc. No. 14; Doc. No. 15).

True, Hostetter's counsel did not contribute to a substantial delay in this case, and Hostetter herself approves of the fee award. But *Gisbrecht*'s "independent review" requires examining all factors that bear on whether a fee is reasonable. *Gisbrecht*, 535 U.S. at 807; *see Lasley*, 771 F.3d at 310. Here, I conclude that Hostetter's approval of the fee and the single, effective brief submitted by Hostetter's counsel do not outweigh the brevity and simplicity of the task in federal court, the Commissioner's opposition to the fee in his trustee-like role, Hostetter's counsel's refusal to propose any reduced fee as a compromise, and courts' hesitation to routinely approve the maximum award allowed by law.

Ultimately, I must approve a fee that "best serves the twin aims of § 406(b)[:] to 'protect the social security claimant from the burden of paying excessive attorney's fees' while also 'assur[ing] adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation.'" *Steigerwald*, 2020 WL 6485107 at *6 (quoting *Rodriquez*, 865 F.2d at 744). Under these circumstances, I find that the requested fee of $24,021.48 would be a windfall for Hostetter's counsel and decline to approve it. Instead, consistent with the *Hayes* floor in this case, I approve a fee of $20,090.00. Because counsel was previously awarded $5,546.37 in fees under the EAJA, they must refund this amount to Hostetter following receipt of this award. (*See* Doc. No. 20).

### III.  CONCLUSION

Hostetter's motion is granted in part and denied in part, and counsel is awarded a fee of $20,090.00 under 42 U.S.C. § 406(b). (Doc. No. 21-2). When counsel for the parties verify that Hostetter owes no pre-existing debts to the United States that are subject to offset, the

Commissioner will direct that, following payment of Hostetter's counsel, any remaining money withheld from Hostetter's past-due benefits for the payment of her attorney fees be released to Hostetter.

    So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
